## GREGORY et al. v. ROYAL TYPEWRITER CO., Inc., et al.

District Court, S. D. New York.
April 19, 1940.

Pennie, Davis, Marvin & Edmonds, of New York City (W. Brown Morton and Raymond B. Canfield, both of New York City, of counsel), for plaintiffs.

Bartlett, Eyre, Scott & Keel, of New York City (Richard Eyre and Charles H. Keel, both of New York City, of counsel), for defendants.

GODDARD, District Judge.

This is a suit for infringement of United States Patent 1,893,025 issued January 3, 1933 upon application filed July 1, 1930. The usual relief of injunction and accounting is demanded. Defendants' answer denies infringement and sets up a counterclaim asserting invalidity of the claims now in suit.

The defendants Betts and Betts Corporation made and installed the motor mechanisms in the instances now complained of, and are defending the case for all defendants. The defendant Royal Typewriter Company, Inc., used display units shown by plaintiffs' Exhibits 3 and 4, and the defendant Sweeney Lithograph Company, Inc., sold to the defendant Royal Typewriter Company, Inc., motion display units of the type shown by plaintiffs' Exhibit 3.

The patent in suit entitled "Electromotor" describes various forms of oscillatory motors and their use in connection with animated advertising devices, the motors being used to effect a to and fro movement of one part of the advertisement device. Oscillatory electromotors are motors in which one element carrying an armature swings in one direction when an electromagnet is energized to attract the armature and then swings in the opposite direction when the electromagnet is de-energized by the opening of its circuit.

Claims 17, 18, 19 and 20 are in issue. Claims 17 and 18 are directed to the motor; claims 19 and 20 are directed to a combination of the general type of motor with a removable part of an animated advertising device.

The issues in respect to claims 17 and 18 are—whether defendants have in their motor an adjusting means set forth in these claims, or an equivalent to it; and if so—whether it is new. Claims 17 and 18 read—

"17. An electromotor comprising a solenoid, an oscillator mounted to freely oscillate through the solenoid, said oscillator of itself seeking a definite angular position relative to the solenoid, counterbalancing means for causing the oscillator to assume a different angular position relative to the solenoid and means for adjusting the positions of the solenoid and oscillator relative to one another.

"18. An electromotor comprising an adjustably mounted solenoid, an oscillator mounted to freely oscillate through the solenoid, said oscillator of itself seeking a definite angular position relative to the solenoid, counterbalancing means for causing the oscillator to assume a different angular position relative to the solenoid and means for adjusting the positions of the solenoid and oscillator relative to one another."

The only way in which the position of the solenoid coil on defendants' motor may be adjusted is by changing the position of the plate to which the coil is attached and which in turn is secured to the display board. Obviously to be used at all the coil must be attached in some position. Thus, in a sense, it is adjustable but only in the limited sense that any ap-

paratus is adjustable, i. e. by using it in place "A" rather than in place "B". Once fixed, however, there is no relative adjustment possible between the oscillating arm, the armature and the coil. It is plain therefore that the defendants have not infringed claims 17 and 18 of the patent in issue. Claims 19 and 20 read—

"19. In an animated advertising device, the combination of a rotable shaft, a display arm fixed to said shaft, and means to impart to said shaft an oscillatory movement comprising a pendulum attached to said shaft having a sector shaped armature, a solenoid cooperating with said armature, and means for intermittently opening and closing the circuit through the solenoid to cause said pendulum and said display arm to oscillate.

"20. In an animated advertising device, the combination of a pivoting support, a display arm carried by said support, and means to impart to said display arm an oscillatory movement comprising a pendulum carried by said pivoting support having a sector-shaped armature, a solenoid cooperating with said armature and means for intermittently opening and closing the circuit through said solenoid to cause said pendulum and said display arm to oscillate."

In August, 1939 plaintiffs filed an application for re-issue of the patent in suit. The Patent Office rejected claims 19 and 20 in issue as unpatentable. The Board of Appeals affirmed that ruling and an appeal has been taken to the Court of Customs and Patent Appeals so that as to these two claims the usual presumption of validity is absent, In re Gregory, Pat. App., 112 F.2d 838.

The question in respect to claims 19 and 20 is—whether there is anything new in using the type of motor which the plaintiffs and the defendants each employ to operate the moving part of an animated advertising device. Claims 19 and 20 are invalid for lack of invention; they teach nothing new or novel. Gregory merely uses a particular old form of oscillatory motor which involves a curved armature entering a solenoid as the operating motor of such device. Both the Bradshaw (No. 1,679,957, August 7, 1928) and the Geraghty (No. 1,605,935, November 9, 1926) patents show animated advertising devices operated by an electricmagnet oscillating motor. In addition the British patent to

Brown (No. 203,815, September 20, 1923) shows an oscillating electricmotor which is essentially like that of the plaintiffs, and in the specifications the adaptability of the device to advertising or display apparatus is described in some detail. In fact the only practical improvement which plaintiffs claim is that the display arms or members of its advertising devices are attached directly to the armature shaft, thus becoming a co-ordinated part of the motor itself rather than having the arms driven by interconnecting links or pendulums. This, however, seems to be no more than an obvious application of the motor element which admittedly is, per se, old.

Defendants may submit findings of fact and conclusions of law in accordance with this opinion.